Michael G. Marderosian (Bar No. 077296)
Email:  mick@mcc-legal.com
Heather S. Cohen (Bar No. 263093)
Email:  heather@mcc-legal.com
MARDEROSIAN & COHEN
1200 Truxtun Avenue, Suite 130
Bakersfield, CA 93301
Telephone:  (559) 441-7991
Facsimile: (559) 441-8170

Attorneys for:  Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN
             and ARON M. MARDEROSIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWELVE SIXTY LLC,<br>ROBERT J. MARDEROSIAN,<br>ARON M. MARDEROSIAN,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLE TELEVISION aka M6<br>GROUP and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF SETTLEMENT AGREEMENT**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN (collectively "Plaintiffs") allege as follows:

### PRELIMINARY STATEMENT

1.     Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiff's copyright of the musical master recording entitled "House of the Rising Sun." ("Master Recording").

2.     By way of brief background, Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are two brothers who have worked together for almost 30

years to develop their business, Plaintiff TWELVE SIXTY LLC, which provides custom recordings and productions of original musical compositions for use in television, motion pictures, film trailers, film soundtracks, product commercials and video games.  Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are musical artists and performers, professionally known as "Heavy Young Heathens."  As the Heavy Young Heathens, the Plaintiffs have written and recorded music for many premiere entertainment clients including major movie studios, networks and advertisers around the world.

3.    Among many other commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in television and theatrical motion pictures as *The Simpsons, CSI, Lucifer, Big Sky, The Righteous Gemstones, Shameless*, *Rules Don't Apply*, *Masterminds, Halloween* and *Supermensch*, as well as prominent trailers for the motion pictures *The Magnificent Seven*, *Deadpool*, *The Amazing Spider-Man* 2, and *The Expendables*.

4.    Plaintiffs' music has additionally been used in numerous commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

5.    Plaintiffs arranged and produced the Master Recording of the musical composition "House of the Rising Sun", which is a traditional song.  The arrangement and production is the subject of a copyright registration by Plaintiff ARON M. MARDEROSIAN and Plaintiff ROBERT J. MARDEROSIAN.  See Exhibit A attached hereto.

6.    Recognizing Plaintiffs' popularity, talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiffs' hard work and copyright ownership of their master recording of "House of the Rising Sun", Defendants have created and publicized (or caused to be created and publicized) commercial advertisements and other media which prominently features significant portions of Plaintiffs' musical composition "House of the Rising Sun" without authorization from Plaintiffs.

7.    In August of 2021, Defendants executed the Settlement Agreement attached hereto as Exhibit B acknowledging no further infringement on their part of Plaintiffs'

"House of the Rising Sun" without a negotiated license and agreed that there would be no "future use(s)" of the song without a license. In January of 2022, Defendants breached the terms of the settlement agreement, which is the subject of the current litigation, by allowing the subject song to be used and broadcast in the television program Chasseurs d'appart' on the Defendants' network.

8.     Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs.  Defendants may not continue to exploit Plaintiffs' musical composition in order to advertise and/or promote their products to the public without Plaintiff's authorization.  Defendants' conduct must immediately be stopped and/or enjoined and Plaintiffs must be compensated for each of Defendants' willful acts of infringement.

## JURISDICTION AND VENUE

9.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

10.     This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338 and 1367.

11.     This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused and continue to cause injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

12.     In addition, the subject Settlement Agreement (Exhibit B) was executed by Plaintiffs in August of 2021 in this judicial district.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

///

///

///

**THE PARTIES**

14.    Plaintiff TWELVE SIXTY LLC ("hereinafter referred to as "TWELVE SIXTY") is, and at all times relevant hereto was, a California Limited Liability company doing business in the County of Los Angeles County, State of California.

15.    Plaintiff ARON M. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

16.    Plaintiff ROBERT J. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

17.    Defendant METROPOLE TELEVISION aka M6 GROUP ("METROPOLE") is a French mass media company based in France but which does business in the State of California.  On information and belief, Defendant METROPOLE approved the inclusions of the song in various programs.

18.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-10, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names ("Doe Defendant").  Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe and on that basis allege that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

19.    On information and belief, the Defendants and each of them, were the agents, partners, employees, affiliates and/or engaged in a joint venture with each of the remaining Defendants, and were at all times acting within the purpose of said agency and employment, and each Defendant has ratified and approved the acts of its agents.

**GENERAL ALLEGATIONS**

20.    Plaintiffs are the creators and owners of the master sound recording "House of the Rising Sun."  Plaintiffs own the rights and title to the copyright in the sound recording "House of the Rising Sun" (the "Infringed Composition") as creators and owners.

21.     Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical composition "House of the Rising Sun" and the song was registered on May 31, 2016, under SR 785-194. A true and correct copy of the registration is attached hereto as Exhibit A.

22.     At all times herein, Defendant METROPOLE is a source of media distribution which constitutes control over the infringement which is the subject of this Complaint.

23.     In or around July 2021, it came to Plaintiffs' attention that the Defendant infringed upon Plaintiffs' copyright and used the Infringed Composition without Plaintiffs' authorization or license to promote the broadcast of the UEFA Euro 2020 Finals.

24.     Defendant did not have any license, authorization, permission or consent to use the Infringed Composition.

25.     In fact, in July 2021, Plaintiffs' counsel provided written notice to Defendant's counsel that the use of the Infringed Composition by Defendants constituted infringement of Plaintiffs' rights and demanded that Defendant immediately cease and desist from any further use of the Infringed Composition.  Plaintiffs are entitled to injunctive relief and redress for Defendant's willful, intentional and purposeful use and exploitation of the Infringed Composition for its own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiffs' rights.

26.     Further, in August of 2021, Defendant executed the Settlement Agreement attached as Exhibit B acknowledging no further infringement on its part of Plaintiffs' "House of the Rising Sun" without a negotiated license and agreed that there would be no "future use(s)" of the song without a license. In January of 2022, Defendant breached the terms of the Settlement Agreement which is the subject of the current litigation by allowing the subject song to be used and broadcast in the television program Chasseurs d'appart' on the Defendant's network.

///

///

# COUNT 1
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106, 501, 504)

27.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 26, inclusive as though fully set forth herein.

28.     Defendants conspired with one another and/or with their agents, subsidiaries and affiliates to wrongfully exploit TWELVE SIXTY's Master sound recording "House of the Rising Sun" without having to fairly or properly compensate TWELVE SIXTY for the exploitation.

29.     Defendants authorized, understood, and enabled one another to exploit TWELVE SIXTY's Master without paying TWELVE SIXTY any money for this exploitation.

30.     On information and belief, Defendants have benefitted from the illegal exploitation of Plaintiffs' song which was not authorized or permitted.

31.     Defendants have not paid Plaintiffs any money whatsoever for these exploitations of their song and Plaintiffs have been significantly damaged as a result of this scheme between Defendants and their co-conspirators.

32.     Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright of the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

33.     As a direct and proximate result of the infringement by Defendants, and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

34.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe and, on that basis, allege that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition.   Plaintiffs are entitled to

preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringement conduct.

35.     Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

36.     Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

37.     Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

38.     The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

<div align="center">

**COUNT II**

**BREACH OF SETTLEMENT AGREEMENT**

</div>

39.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 38, inclusive as though fully set forth herein.

40.     In August of 2021, Defendants executed the Settlement Agreement (Exhibit B) acknowledging no further infringement on their part of Plaintiffs' "House of the Rising Sun" without a negotiated license and agreed that there would be no "future use(s)" of the song without a license. In January of 2022, Defendants breached the terms of the Settlement Agreement, which is the subject of the current litigation by allowing the subject song to be used and broadcast in the television program Chasseurs d'appart' on the Defendants' network.

41.     As a direct and proximate result of the breach of the Settlement Agreement by Defendants, and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

42.     The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

///

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.      For damages in such amount as may be found, or as otherwise permitted by law;

2.      For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiffs' copyright of the Infringed Composition;

3.      For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition;

4.      For actual copyright infringement damages and Defendant's profits or statutory damages in an amount to be determined at trial;

5.      For interest on the above-requested damages and profits at the maximum legal rate as provided by law;

6.      For prejudgment interest according to law;

7.      For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

8.      For punitive damages; and

9.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated:  January 18, 2022                    MARDEROSIAN & COHEN


                                            */s/ Michael G. Marderosian*
                                    By:_____
                                            Michael G. Marderosian,
                                            Attorneys for Plaintiffs

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay Tyle Clayett*

Acting United States Register of Copyrights and Director

**Registration Number**

## SR 785-194

**Effective Date of Registration:**
May 31, 2010

---

## Title

**Title of Work:**  House Of The Rising Sun

## Completion/Publication

**Year of Completion:**  2013
**Date of 1st Publication:**  December 05, 2013
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Robert Jacob Marderosian
  **Author Created:**  sound recording
  **Work made for hire:**  No
  **Citizen of:**  United States
  **Domiciled in:**  United States

- **Author:**  Aron Michael Marderosian
  **Author Created:**  sound recording
  **Work made for hire:**  No
  **Citizen of:**  United States
  **Domiciled in:**  United States

## Copyright Claimant

**Copyright Claimant:**  Robert Jacob Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

**Copyright Claimant:**  Aron Michael Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

## Limitation of copyright claim

**Material excluded from this claim:**  sound recording

**New material included in claim:**  sound recording

## Rights and Permissions

| | |
|---|---|
| **Name:** | Robert Jacob Marderosian |
| **Email:** | heavyyoungheathens@gmail.com |
| **Telephone:** | (310)457-0133 |
| **Address:** | P.O. Box 6470 |
| | Malibu, CA 90264 United States |

## Certification

| | |
|---|---|
| **Name:** | Robert Jacob Marderosian |
| **Date:** | May 31, 2016 |

EXHIBIT B

<div style="border:1px solid black;padding:10px;text-align:center;">

**SETTLEMENT AGREEMENT**

</div>

<u>**BETWEEN:**</u>

**METROPOLE TELEVISION,** commonly known as "M6", a French limited company, whose registered office is at 89 avenue Charles de Gaulle, 92200 NEUILLY-SUR-SEINE, registered with the Trade and Companies Registry of NANTERRE under number 339 012 452, represented by its CFO, LEFEBURE Jérôme, duly authorized for the purpose hereof, acting for itself and the behalf of any and all subsidiaries,

Hereafter designated as *"M6 GROUP"*,

<div align="right">

**ON THE ONE HAND,**

</div>

<u>**AND:**</u>

**TWELVE SIXTY LLC,** an American company, registered under the laws of the state of California whose head office is located at 5950 Bush drive, MALIBU, 90215, United States, represented by its CFO, Robert MARDEROSIAN,

Hereafter designated as "***TWELVE SIXTY***",

**Aron MARDEROSIAN** born on January 10, 1974 residing in California, USA.

**Robert MARDEROSIAN** born on November 16, 1979 residing in California, USA.

Hereafter designated as "***the Songwriters***"

<div align="right">

**ON THE OTHER HAND,**

</div>

Hereafter designated individually as a "***Party***" and jointly as the "***Parties***".

<div align="right">1</div>

***IT HAS FIRST BEEN RECITED AS FOLLOWS:***

**(A)** M6 GROUP is a French media and entertainment company established in 1987.

**(B)** M6 GROUP owns several television channels and broadcasts various television programs and shows through its domestic network, including the national television channel "M6".

**(C)** TWELVE SIXTY is an American company owned and controlled by the Aron and Robert MARDEROSIAN, professional songwriters under the name "*Heavy Young Heathers*".

**(D)** TWELVE SIXTY provides the musical compositions and productions of the Songwriters for use in television show, movies and video games.

**(E)** TWELVE SIXTY, ARON MARDEROSIAN and ROBERT MARDEROSIAN arranged and produced a master recording of the musical composition "House of the Rising Sun", which is a traditional song (hereinafter "*the Master*").

**(F)** In July, 2021 M6 GROUP used an extract of the Master to promote the TV broadcast of the EUFA EURO 2021 final on its television channels and social network.

**(G)** Believing that they had been victims of infringement because of the use of the Master, TWELVE SIXTY and the Songwriters contacted M6 GROUP on July 10th, 2021.

**(H)** TWELVE SIXTY and the Songwriters alleged a copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, due to the above-mentioned use of the Master related to the EUFA EURO final, and other past uses (hereinafter "the Uses"), and threatened M6 GROUP to bring a case to Court in the United States. A draft writ of summons was communicated to M6 GROUP.

**(I)** On the other hand, M6 GROUP considers that theses Uses are authorized under Article L.214-1 of the French intellectual property code provided it pays a collecting society which is actually the case.

**(J)** M6, TWELVE SIXTY and the Songwriters have, however, reached an amicable agreement to put an end to this dispute, and settle definitively all accounts between them on this matter, by means of the reciprocal concessions expressed in this agreement.

2

***THEREFORE, THE PARTIES AGREE HERETO AS FOLLOWS***:

**Article 1 - Subject matter**

The purpose of this settlement agreement (hereafter the "Settlement Agreement") is to definitively put an end to the disputes between the Parties in consideration for the mutual and reciprocal concessions contained herein.

By signing this Settlement Agreement, none of the Parties do recognize or admit any tort or unlawful activity, and more generally the other Parties position or argumentation, but merely settle in order to avoid a lawsuit.

**Article 2 – Commitments of M6**

In counterpart of the waiver by TWELVE SIXTY and the Songwriters set out in Article 3, M6 GROUP undertakes:

**(1)** To pay TWELVE SIXTY the global lump sum of 50.000 EUROS (fifty thousand euros) at the latest on August 15, 2021.

The funds will be wired into the following bank account:

Account Name:  Twelve Sixty, LLC
Business Address:  5950 Busch Drive, Malibu CA  90265
Business Phone:  310-457-0133
Bank:  Wells Fargo
Bank Address:  23361 Pacific Coast Hwy, Malibu CA  90265
Bank Phone: 310-317-1740
Bank Account No.: 5738198042
Wire Routing No.: 121000248

**(2)** To remove, as of the date of full execution of this Settlement Agreement, and blacklist from any future use(s) without a lawful license and authorization from Twelve Sixty, and Aron and Robert Marderosian, the Master and from its sound recording catalogue.

**(3)** To provide TWELWE SIXTY and the Songwriters with the physical cue sheets to identify the use by M6 of the Master for promoting the EUFA EURO 2021 final at the latest on August 30, 2021 and to provide those cue sheets directly to Twelve Sixty and the Songwriters upon the full execution of the Settlement Agreement.

3

**Article 3 - Waiver of TWELVE SIXTY and the Songwriters**

In consideration of M6 GROUP' commitments as set out in Article 2 above, TWELVE SIXTY and the Songwriters undertake to cease any allegation, demand or claim and to refrain from taking any action or claim of any kind, in particular based on copyrights, master rights, torts, passing off, relating to the dispute set out in the preamble concerning the Uses of the Master, against M6 and/or any subsidiary, in the United States or anywhere else in the world.

TWELVE SITXTY and the Songwriters declare and warrant that they are fully entitled to enter into this settlement which definitively clears the Uses from any claims related to the Uses of the Master. Should any third party bring a new claim related to the Master, M6 GROUP shall be allowed to ask for TWELVE SITXTY and the Songwriters warranty.

**Article 4 – Confidentiality**

The Parties will keep the existence of this Settlement Agreement and its terms and conditions as well as the dispute recited in the preamble strictly confidential.

In particular, the Parties shall refrain from communicating to any third party the Settlement Agreement or disclosing information relating to it and / or concerning the claims of the Parties as set forth in the preamble above, to a third party whether it is a natural person or a legal person and, in any way, to make this information public.

Any breach of this confidentiality undertaking would expose its author to a claim for damages, which would be estimated by the competent court, in accordance with the rules of civil law.

By derogation from the above, each Party is entitled to disclose the Settlement Agreement to: (*i*) any competent Administration or Court, (*ii*) any jurisdiction having jurisdiction over any breach of the Settlement Agreement and (*iii*) their respective counsel.

**Article 5 - Costs and fees**

Each Party shall bear the costs and expenses it has incurred in connection with the dispute referred to in the preamble and in the framework of the establishment and execution of the Settlement Agreement, such legal costs to include but not to be limited to lawyers' fees.

**Article 6– Settlement**

This Settlement Agreement constitutes the entire agreement between the Parties and expresses the full obligations of the Parties on the date of its signature. Each Party declares that it has no other claim to raise in the dispute settlement and litigation framework set out in the preamble.

The Settlement Agreement is effective on the date of its signature by all Parties.

4

**Article 7: Electronic signatures**

The Parties agree that the Settlement Agreement may be electronically signed through the Yousign's electronic signature solution (https://yousign.com/), and that any electronic signatures appearing on this Settlement Agreement are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility.

Made in four (4) identical original signed and initialed copies, on July 29th, 2021.

**TWELVE SIXTY LLC**                              **METROPOLE TELEVISION**

Mr. MARDEROSIAN Robert                         Mr. LEFEBURE Jérôme

Mr. MARDEROSIAN Aron

Mr. MARDEROSIAN Robert

5